UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL NO. 467 PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PENINSULA AIR CONDITIONING, INC.,<br><br>Defendant. | Case No.  13-cv-05522-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 12 |

    Plaintiffs in this ERISA case have moved for default judgment against Defendant, seeking an award of unpaid fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs. (Pls.' Mot., Dkt. No. 12.)  The motion is set for hearing on November 6, 2014.

    Having reviewed the moving papers and supporting declarations, the Court finds that the materials provided are insufficient to justify the award of attorneys' fees Plaintiffs seek.  Plaintiffs have not provided "a statement of services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person," as required by Civil Local Rule 54-5.  Instead, Plaintiffs state that they seek an award for "23 hours of attorney time expended in the present case," including "10.5 hours for drafting, filing, and arranging for service of process of the Complaint; 1.5 hours [for] drafting and filing the Request for Entry of Default against Defendant; 6 hours drafting this motion and its accompanying pleadings and exhibits; and . . . an additional 5 hours [for] traveling to the hearing, arguing this motion, and preparing for same." (Pl.'s Mot. at 7-8.)  Plaintiffs also state that they seek fees for "12 hours at the rate of $225.00 per hour and 11 hours at the rate of $195.00."  This is insufficient.  Moreover, while Plaintiffs seek attorneys' fees for work performed by two different attorneys, only one of those attorneys has filed a declaration that briefly describes her relevant qualifications and experience.

Ling Decl. ¶ 2 ("I am a first-year associate with experience in ERISA collection cases.").

In addition, while the Court acknowledges Plaintiffs' counsel's statement that billing records for the month of September 2014 were unavailable at the time the motion was filed, that does not explain why the billing records provided account for only some of the work claimed or why the billing records have been redacted.  For example, Plaintiffs claim 10.5 hours for drafting, filing, and arranging for service of process of the complaint, but the billing records only account for 6 hours.  In addition, other entries relate to work for which Plaintiffs do not seek an award, making it unclear why Plaintiffs attached those billings records to support the amount claimed.  Accordingly, to the extent Plaintiffs wish to recover attorneys' fees for the work claimed, they shall file copies of all actual billing records that relate to that specific work, free of any redaction.

Moreover, with respect to Plaintiffs' claim for liquidated damages, the Court notes that the collective bargaining agreement authorizes liquidated damages for delinquent fringe benefit contributions "as set by the Board of Trustees." (Stephenson Decl., Ex. A ¶ 158.)  Plaintiffs, however, seek liquidated damages at a rate of 1% per month based on the practice of the trusts' third party administrator, which is "to assess liquidated damages of one percent (1%) of the principal for every month that a payment is late." (Galvan Decl. ¶ 4.)  Plaintiff shall provide supplemental briefing explaining why the 1% figure is appropriate in this case.

Plaintiffs shall file all supplemental briefing and supporting materials no later than November 21, 2014.  The hearing currently set for November 6, 2014 is continued to December 4, 2014.

**IT IS SO ORDERED**.

Dated: 10/31/2014

KANDIS A. WESTMORE
United States Magistrate Judge

2